IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRALON DURAN PATTERSON, § | | |
| TDCJ No. 2378876, § | | |
| § | | |
| Petitioner, § | | |
| § | No. 3:25-cv-2127-B-BN | |
| V. § | | |
| § | Consolidated with | |
| DIRECTOR, TDCJ-CID, § | No. 3:25-cv-2207-B-BN | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Dralon Duran Patterson, a Texas inmate, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. And Senior United States District Judge Jane J. Boyle referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The petition has not yet been served and briefed. But Patterson has now filed two motions for partial summary judgment on Ground 29 of his petition. *See* Dkt. Nos. 18, 22. And he has also filed a motion seeking an evidentiary hearing on and de novo review of his claims for ineffective assistance of counsel. *See* Dkt. No. 17. The undersigned construes this third motion as a motion for partial summary judgment to the extent that it seeks a preliminary determination from the Court that "the state court's adjudication, '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.'" *Grace v. Hooper*, 123 F.4th 800, 804 (5th Cir. 2024) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

As the United States Court of Appeals for the Fifth Circuit and other district courts in this circuit have recognized, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *10 (W.D. Tex. June 18, 2020) (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); collecting cases).

"But Rule 56 'applies only to the extent that it does not conflict with the habeas rules.'" *Id.* (quoting *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); citation omitted); *see also* Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules.").

So, "[i]f some aspect of the summary judgment process conflicts with the habeas process, then the habeas process controls. [But] the summary judgment process may not result in a complete resolution of the habeas petition." *Ndudzi*, 2020 WL 3317107, at *10 (citations omitted). Indeed, as the district court in *Ndudzi* observed,

> while motions for summary judgment may be used in the habeas context, their use may not be the most prudent way to address a habeas petition. Moreover, their use is expressly subject to the Court's discretion and direction provided in accordance with Habeas Rule 4.

> After conducting the preliminary review required by Habeas Rule 4, the Court serves the petition and issues an order directing "the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." This order controls the subsequent filings and guides the habeas process through completion. Habeas Rule 5 comes into play when the Court orders an answer.

*Id.*

This procedural summary also reflects the undersigned's preferred approach to resolving Section 2254 petitions.

Because the petition has not yet been briefed, Patterson's motions for summary judgment and motion for de novo review on the merits and an evidentiary hearing [Dkt. Nos. 17, 18, 22] should be denied without prejudice as premature at this stage of his Section 2254 proceeding.

**Recommendation**

The Court should deny without prejudice Petitioner Dralon Duran Pattersons's motions for summary judgment and motion for de novo review on the merits and an evidentiary hearing [Dkt. Nos. 17, 18, 22].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE