IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRALON DURAN PATTERSON,<br>TDCJ No. 2378876,<br><br>     Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>     Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3: 25-cv-02127-B-BN<br><br>Consolidated with<br>No. 3:25-cv-2207-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dralon Duran Patterson filed this action for federal habeas relief under 28 U.S.C. § 2254. *See* Dkt. No. 3. The case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Jane J. Boyle.

The Court issued an order to show cause requiring Respondent to answer Patterson's petition on December 23, 2025. *See* Dkt. No. 27. Patterson filed multiple motions including a motion for de novo review on the merits (Dkt. No. 17) and motions for summary judgment (Dkt. Nos. 18, 22) that the court denied. *See* Dkt. No. 32.

Before Respondent filed its response, Patterson moved for a temporary restraining order and preliminary injunction requesting an order for the immediate preservation of material evidence. *See* Dkt. No. 49. Patterson alleges that various categories of evidence related to his state criminal proceedings are being tampered with, altered, concealed, or destroyed. *See id.* at 1-3. Specifically, he contends that

forensic testing records were fabricated, juror questionnaires and jury lists are missing, jail medical records were destroyed or altered, and audio recordings from portions of the trial proceedings no longer exist. *See id.* He asks the Court to order preservation of evidence, production of original materials, forensic examination, an evidentiary hearing, and sanctions. *See id.* at 3.

A TRO is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion," *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted), that all four of the following exist: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest," *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted).

Patterson has not carried that burden. His allegations of imminent evidence tampering are wholly conclusory and unsupported by competent evidence. He offers no affidavit, authenticated record, or other reliable proof showing that any respondent or custodian is presently destroying or altering evidence. Instead, he speculates that certain materials must have been fabricated or withheld because he disputes the contents of the state-court record or believes additional materials should exist. Such speculative assertions do not establish a substantial threat of irreparable

injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (speculative claim of future injury insufficient to warrant injunctive relief).

Nor has Patterson shown a substantial likelihood of success on the merits of this motion. Much of the relief he seeks concerns alleged irregularities in historical state-court records rather than any ongoing conduct capable of being restrained through emergency injunctive relief. And to the extent he seeks compelled production of documents, forensic inspection, or expansion of the record, those requests are more properly construed as discovery demands, not grounds for extraordinary injunctive relief.

That distinction is significant because "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)); *see also Scott v. Michael*, Civ. A. No. 08-1262, 2009 WL 307791, at *4 (E.D. La. Feb. 6, 2009) ("A habeas petitioner is entitled to invoke all applicable federal rules of discovery, however, it is within the district judge's discretion and subject to the requirement of good cause shown as to whether to allow discovery." (citing RULE 6(a), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (Habeas Rule 6(a)))).

> "The habeas petitioner is entitled to discovery only where "good cause" is shown. [*Bracy*, 520 U.S. at 904.] The Supreme Court has held that good cause is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

*Reed*, 504 F.3d at 471-72.

Patterson has not shown good cause to allow discovery under the heightened requirements of Habeas Rule 6(a) at this time. His motion relies on broad accusations of fraud, fabrication, and spoliation, but it does not present specific, nonconclusory facts demonstrating that requested discovery would likely uncover evidence establishing unlawful custody. For example, his assertion that a forensic laboratory "has been out of business since 1992," that all juror materials disappeared because he intended to raise Batson claims, or that medical records were altered to prevent litigation of separate habeas grounds is unsupported by admissible evidence and rests on conjecture. Similar speculative allegations do not constitute good cause under Habeas Rule 6(a). *See Thompson v. Stephens*, Civ. A. No. H-13-1900, 2014 WL 2765666, at *2 (S.D. Tex. June 18, 2014) ("A court may authorize discovery only when a petitioner's substantive claims 'establish [ ] a prima facie claim for relief," and his factual allegations are specific, 'as opposed to merely speculative or conclusory[.]'" (quoting *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); footnote omitted)).

Patterson has failed to establish entitlement to a temporary restraining order, preliminary injunction, or immediate discovery-related relief.

## Recommendation

The Court should deny Petitioner Dralon Duran Patterson's Motion for Temporary Restraining Order and Injunction [Dkt. No. 49].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

- 4 -

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 28, 2026.

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE